## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: DISRUPTOR TRIGGER MECHANISM
PATENT LITIGATION**                                              MDL No. 3186

### ORDER DENYING TRANSFER

**Before the Panel:**\* Defendants in eight actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the District of Wyoming. This litigation consists of ten actions pending in eight districts, as listed on Schedule A.[1] Plaintiffs Rare Breed Triggers, Inc., and ABC IP, LLC (collectively plaintiffs), oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Movants make or sell a forced reset trigger (FRT) device called the Partisan Disruptor. Plaintiffs allege in each action on Schedule A that the Partisan Disruptor device infringes U.S. Patent Nos. 10,514,223 (the '223 patent); 11,724,003 (the '003 patent); 12,036,336 (the '336 patent); and 12,274,807 (the '807 patent). The actions on schedule A therefore involve common questions of fact. Yet centralization on movants' proposed terms is unnecessary. This motion follows closely on the heels of our decision in MDL No. 3176 centralizing several of plaintiffs' actions asserting their patents against various FRT devices. *See In re Super Safety Pat. Litig.*, MDL No. 3176, 2026 WL 914655, at \*2 (J.P.M.L. Apr. 2, 2026). The actions on Schedule A fit within that MDL, and we have ordered transfer of those actions on Schedule A that were not originally filed in the Eastern District of Texas to MDL No. 3176.[2]

We are not persuaded that creating another MDL will serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Movants argue that a separate MDL for the Disruptor actions will save the transferee judge in MDL No. 3176 from

---

\* Judge Karen K. Caldwell and Judge Madeline Cox Arleo took no part in the decision of this matter.

[1] The actions were pending in nine districts when this motion was filed, but the Eastern District of Texas *Optics Planet* action that was originally filed in the Northern District of Illinois has since been transferred under Section 1407 to the Eastern District of Texas for inclusion in MDL No. 3176.

[2] Order Lifting Stay of CTO-1, *In Re Rare Breed Triggers Pat. Litig.*, MDL No. 3176 (J.P.M.L. Apr. 30, 2026), Dkt. No. 79; Transfer Order, *In Re Rare Breed Triggers Pat. Litig.*, MDL No. 3176 (J.P.M.L. June 4, 2026), Dkt. No. 104.

having to learn about multiple technologies and patents, construe claims from unrelated patents, and manage non-overlapping discovery. But, as we explained when we declined to limit the scope of MDL No. 3176 at the outset, we are "unconvinced that the presence of multiple products will prove too much for the transferee judge." *In re Super Safety Pat. Litig.*, MDL No. 3176, 2026 WL 914655, at *2 (J.P.M.L. Apr. 2, 2026). Further, in this instance, narrowing the litigation based on accused infringing products "could undesirably lead to multiple courts resolving claim construction and patent validity disputes for the same patent." *Id.* Nothing in movants' briefs here persuades us that an MDL focused on the Partisan Disruptor device will increase overall efficiency.

Movants suggest that we maximize factual alignment between their proposed MDLs—addressing our concern about multiple courts adjudicating the same patents—by using our power under Section 1407(a) to separate and remand claims (including claims asserted in some MDL No. 3176 actions) until we have sorted plaintiffs' claims involving the '223, '003, '336, and '807 patents into the new MDL and plaintiffs' claims involving their other patents into MDL No. 3176. Such a carving job will trim too deep into the efficiency gained by centralization in MDL No. 3176. The two groups into which movants suggest sorting plaintiffs' patents will likely raise overlapping issues, especially with respect to claim construction. *In re Super Safety*, 2026 WL 914655, at *2; *see also* Transfer Order, *In Re Rare Breed Triggers Pat. Litig.*, MDL No. 3176 (J.P.M.L. June 4, 2026), Dkt. No. 104.

The actions on Schedule A are also uniquely intertwined with the other actions centralized in MDL No. 3176 because of Rare Breed's settlement agreement with the Department of Justice. Plaintiffs argue that the settlement agreement requires them to seek injunctions against infringers of their FRT patents. In the actions where they have already filed briefs requesting preliminary injunctions, plaintiffs have argued that enjoining alleged infringers of their patents serves the public interest. Plaintiffs are likely to make the same arguments in all their other actions. Centralization of the actions listed on Schedule A with the existing MDL No. 3176 will accordingly ensure consistent injunction decisions.

-3-

IT is THEREFORE ORDERED that the motion for centralization of these actions is denied.


PANEL ON MULTIDISTRICT LITIGATION

_____

Matthew F. Kennelly
Acting Chair


David C. Norton                    Dale A. Kimball
M. Casey Rodgers

**IN RE: DISRUPTOR TRIGGER MECHANISM**
**PATENT LITIGATION**                                              MDL No. 3186

## SCHEDULE A

Disrict of Arizona... 

District of Arizona

RARE BREED TRIGGERS INCORPORATED, ET AL. v. FIREARM SYSTEMS LLC,
    ET AL., C.A. No. 2:25−04938
ABC IP LLC, ET AL. v. SGC LLC, ET AL., C.A. No. 2:26−00085

Southern District of Iowa

ABC IP, LLC, ET AL. v. HAWKPHIN SALES, LLC, ET AL., C.A. No. 4:26−00015

District of Idaho

ABC IP, LLC, ET AL. v. CLOAK INDUSTRIES, INC., ET AL., C.A. No. 1:26−00001

Eastern District of Louisiana

ABC IP, LLC, ET AL. v. CANUCK TACTICAL LLC, C.A. No. 2:26−00576

Eastern District of Missouri

ABC IP, LLC, ET AL. v. WEBCORP, INC., ET AL., C.A. No. 4:26−00018

Eastern District of Texas

ABC IP LLC, ET AL. v. TRG VENTURES, LLC D/B/A MISSION RIDGE RANGE
    AND ACADEMY, A LIMITED LIABILITY COMPANY, ET AL.,
    C.A. No. 2:26−00201

ABC, IP, LLC, ET AL. v. OPTICS PLANET, INC. D/B/A OPTICSPLANET,
    C.A. No. 4:26-00521 (Northern District of Illinois C.A. No. 1:26−01072)

Eastern District of Washington

ABC IP LLC, ET AL. v. AR−TT LLC, ET AL., C.A. No. 2:26−00014

District of Wyoming

ABC IP LLC, ET AL. v. PEAK TACTICAL LLC, ET AL., C.A. No. 2:26−00018